**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-2111

ESTER BULLOCK,

Plaintiff - Appellant,

v.

FRANK KENDALL, Secretary, Department of the Air Force,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:19-cv-02863-MGL)

Submitted:  May 26, 2022                                    Decided:  July 20, 2022

Before WYNN and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: Shannon Polvi, CROMER BABB PORTER & HICKS, LLC, Columbia, South Carolina, for Appellant.  Corey F. Ellis, United States Attorney, Kathleen M. Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ester Bullock appeals the district court's order adopting the magistrate judge's recommendation and granting summary judgment to Frank Kendall, the Secretary of the Department of the Air Force, on her retaliation claim raised pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e to 2000e-17. Finding no reversible error, we affirm.

We review the district court's summary judgment ruling de novo, "applying the same legal standards as the district court and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020). "Summary judgment is warranted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict for the nonmoving party." *J.D. ex rel. Doherty v. Colonial Williamsburg Found.*, 925 F.3d 663, 669 (4th Cir. 2019) (internal quotation marks omitted). In conducting this inquiry, courts may not "weigh conflicting evidence or make credibility determinations." *Id.* But "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

2

Bullock proceeded under the familiar *McDonnell Douglas*[*] pretext framework. Under *McDonnell Douglas*, to establish a prima facie case of retaliation, Bullock needed to "show (1) that she engaged in protected activity; (2) that her employer took an adverse action against her; and (3) that a causal connection existed between the adverse activity and the protected action." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 578 (4th Cir. 2015) (cleaned up). Bullock spends most of her brief addressing the magistrate judge's conclusion that she did not suffer an adverse action. But we agree with the district court that, even assuming Bullock established an adverse action, she failed to establish a causal connection between her protected activity and the alleged adverse actions.

A plaintiff may try to prove that a protected activity caused an adverse action through two routes. First, a plaintiff may establish that the adverse act bears sufficient temporal proximity to the protected activity. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001). Second, a plaintiff may establish the existence of other facts that alone, or together with temporal proximity, suggests that the adverse employment action occurred because of the protected activity. *See Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007) (recognizing that "other relevant evidence may be used to establish causation" where temporal proximity is missing).

Here, while there was a gap of several months between Bullock's initial internal complaint and the alleged adverse actions, the internal mediation process occurred closer in time to them, and the "[t]ypes of indirect proof to be considered in finding a causal nexus

---

[*] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

may include the temporal proximity of factual hearings regarding discrimination complaints as well as the actual date of filing." *Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994). Yet, the allegedly adverse actions—a notice of proposed reprimand, a poor performance review, and placement on a performance improvement plan—all occurred after Bullock's supervisor had warned her of her poor performance.

"Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 309 (4th Cir. 2006) (internal quotation marks omitted). Bullock's supervisor began documenting Bullock's performance issues months before she engaged in protected activity. He warned her in April 2013 that her performance needed to improve, and he rated her as meets expectations on her annual review only given the tumultuous transition to her new position. The supervisor then issued two progress reports in the subsequent months documenting Bullock's deficiencies. He drafted a letter of concern in November, one month before Bullock's internal complaint, further documenting her performance deficiencies. In light of these documented deficiencies, all of which occurred before Bullock's internal complaint, we conclude that Bullock cannot establish causation. *See Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008) ("[A] complaining worker is not . . . insulated from the consequences of . . . poor performance.").

4

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*